**UNITED UNION OF ROOFERS, WATER-PROOFERS, AND ALLIED WORKERS, LOCAL UNION NO. 30**

v.

**GUNDLE LINING CONSTRUCTION CORPORATION, Appellant.**

No. 92–1614.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 29, 1993.

Decided Aug. 11, 1993.

Laurance E. Baccini, Steven H. Slutsky, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, for appellant.

Thomas H. Kohn, Sagot, Jennings & Sigmond, Philadelphia, PA, for appellee.

Before: SLOVITER, Chief Judge, COWEN and NYGAARD, Circuit Judges.

### OPINION OF THE COURT

SLOVITER, Chief Judge.

Gundle Lining Construction Corp. (Gundle or Employer) appeals from the final decision of the district court confirming an arbitration award in favor of Local 30, United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Association, AFL–CIO (Local 30 or Union). Because an issue of law is dispositive, our review is plenary.

---

On December 5, 1989, Local 30 filed a grievance complaining that Gundle breached the collective bargaining agreement between them by assigning work to employees represented by another union, Local 172, Laborers International Union of North America, AFL–CIO (Laborers or Local 172), instead of to employees represented by Local 30.[1] Gundle declined to participate in the arbitration on the ground that the work that was the subject of the agreement had ceased, and that the arbitral board had no jurisdiction. Local 30 received a favorable arbitration award, which directed Gundle to "make whole those individuals who were deprived of work opportunities, including the payment of dues, wage and benefit fund contributions required by the labor contract." App. at 2281.

Local 30 then filed a complaint in district court under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1988), seeking confirmation of the award. The district court initially ruled that there was a genuine issue of material fact which precluded granting Local 30 summary judgment on the merits. Thereafter, it entered the order at issue here confirming the award on the ground that Gundle's failure to move to vacate the award within the applicable thirty-day statute of limitations (borrowed from the Pennsylvania Uniform Arbitration Act, 42 Pa.Cons.Stat.Ann. § 7314 (Purdon 1982)) barred Gundle from raising any affirmative defenses to Local 30's confirmation action. *See Service Employees Int'l Union, Local No. 36 v. Office Ctr. Servs., Inc.*, 670 F.2d 404, 412 (3d Cir.1982) (party opposing an arbitration award must move to vacate the award within the applicable statute of limitations period).

A detailed summary of all of the relevant facts is included in our opinion in the companion appeals, also filed today, which enforces an order of the National Labor Relations Board (the Board). *See Local 30, United Slate, Tile & Composition Roofers, Damp*

*& Waterproof Workers Ass'n v. NLRB*, 1 F.3d 1419 (3d Cir.1993). In that decision, we hold that Local 30 committed an unfair labor practice by maintaining this section 301 suit to enforce its arbitration award because the award, which ordered Gundle to pay Local 30 for the lost work, conflicted with a decision of the Board under section 10(k) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(k) (1988), awarding the disputed work to Local 172 (the Laborers) rather than Local 30 (the Roofers). We declined to adopt the distinction proposed by Local 30 between seeking payment for work and seeking the work itself.

The parties concede that our decision on the unfair labor practice issue controls disposition of this appeal. It follows from that decision enforcing the Board's order that Local 30 is prohibited from the continued maintenance of this section 301 suit.[2] For the foregoing reasons, we will *vacate* the decision of the district court confirming the arbitration award in favor of Local 30 and *remand with directions* to dismiss the complaint.

---

1. As the NLRB noted in its opinion holding that Local 30 had committed unfair labor practices, this grievance was filed shortly after Gundle filed an unfair labor practice charge against Local 30 for picketing at the site in question.

2. In light of our decision, we do not reach the merits of Gundle's argument that the district

court erred by borrowing the Pennsylvania Uniform Arbitration Act's thirty-day statute of limitations because the Act by its own terms does not apply where the arbitration award for which confirmation is sought constitutes an unfair labor practice. *See* 42 Pa.Cons.Stat.Ann. § 7302(b) (Purdon 1982).